Southard J.
Four reasons are relied on by the counsel, for the reversal of this judgment. I shall consider them in their order.
*431 *íj. F ill!<>ged Hmt- Hie state of demand is insufficient; iva luma uiwision and certainty.
Tins objection is certainly not well taken ; for though the state of demand, is neither very minutely nor technically drawn, yet it states with sufficient distinctness, every thing necessary to be contained in it. It describes the object of the action as being, to recover from the defendant, an executor, the amount of interest then due to plaintiff; it shews upon what that interest was to arise, being a legacy ; and by whose will that legacy was given. This was abundantly sufficient to shew a lawful cause of action ; to apprise the defendant of the ground of plaintiff’s claim, and to prevent any future recovery for the sanie cause.
Second reason for reversal. The suit was for a legacy and no bond was filed according to the requirement of the statute. To this the defendant’s counsel answered. 1.
It does not appear, that the bond was not filed. 2. If it were not, advantage must be taken of the failure, early, by way of abatement.
It is believed, that the words of the transcript, will fairly justify the inference, that no bond had been filed, but still the justice correctly overruled the motion of the defendant below, founded on this fact. Our law, in Pat. 37, sec. 3, provides, that no suit shall be maintained fora legacy, until reasonable demand made of the executors, &e. and a bond to refund, &c., offered to them or filed in the court; and if process be obtained before this be done, “ the same process for want thereof, shall abate.”
The object of this section evidently is, to protect the executor from suits, until he shall bo secured against the effects of any future recovery, against him; and to enable him to put an end to any suit, by legatees, until such security is afforded. But while it gives him this advantage, it will not permit him to lie by, until his adversary has proceeded to every extent in his suit, and then trip him up, subjecting him to costs. If he intends to profit by the advantage which the law gives him, he must do it at once, by the proper plea. It is too lato after he has pleaded to the merits, and his adversary has prepared himself for a trial on those merits. The words of tho *432 statute, “ the same process, for want thereof shall abate,” are technically appropriate to this idea.
In the court for the trial of small causes, where no plea in ^writing, is, in most cases required, the defendant cannot be obliged to plead in writing in abatement, the default of the plaintiff; but if he pleads it verbally, at the first time, when a plea on his part becomes necessary, it will be sufficient. Yet even in that court, if the defendant does put in a written plea to the merits, on the return daj7 of the summons, he will be precluded iron resorting to this defence afterwards; after pleading to the merits he cannot resort to his plea in abatement. Such is the present case, and the justice decided correctly on this point.
Third reason. The justice admitted in evidence, a copy of a transcript from the docket of Abraham Wooley, esq., deceased, the same being certified under the official seal of the clerk of Essex county. And it is argued that a clerk of a county has no right to give exemplifications from a justice’s docket, deposited in his office.
It is the general principle applicable to this subject, that a writing authenticated by a person appointed for that purpose, is good evidence of the contents of the original, without proof of its being an examined copy; but, if the officer is not entrusted to make out the copy, and has no more authority than any common person, the copy must be proved in the strict and regular mode, such as office copies of depositions in chancery. Is then the clerk entrusted with the dockets of deceased justices, for the purpose, among other things, of making out copies of their contents? Not being one of the ordinary and regular files of the court of which he is the clerk, but being deposited there by special statute, we must look into that statute for all the authority which he possesses.
In Pat. 320, Bloom. 65, sec. 39, it is enacted, “ that the docket of the justice, within one year after his death, shall be deposited in the office of the clerk of the county,” “ to he there kept as a public record.” That there is here no express authority, totidem verbis, for the clerk to give copies, under seal, is manifest; but it is equally so, that the legislature meant to give such a power, and that the *433 fair const ruction of the act will confer it. That which is already a record of one court, is placed in the office of a clerk of another court. Authority over it is given to him; he is to keep it, and it is to be considered as a record in his office. In what respect then, is it not like all the rest of his records ? Surely in none, unless in this alone,; and if it were not *to possess this, the act would so have told us. It will not be sufficient here to answer, that other matters, as deeds, mortgages, &c. are, by statute, made records of the clerk’s office, and yet that the legislature have thought it necessary expressly to authorise the clerk to certify copies of them. It does not appear, that the clerk would not have had this power as to them, after they became records of his office, even without this special direction. Nor are they papers of the same character. The docket was a record, before it came to his office, possessing all the characteristics of a record. It needed neither a deposit in his office, nor his certificate, to give it full authority as such. Its quality is not changed by this act: the place where, and the person by whom it is to be kept, are merely altered ; and its present keeper possesses the very same rights over it, as lie who held it when it became a record.
The 38th section of the law before referred to, prescribes the mode in which the record of a justice is to be kept, and directs him to act as clerk, and give certified copies of his proceedings, when demanded. But the officer who is thus to certify, must die; and the next section, 39, provides a person to supply his place and make out this certificate. It puts the clerk in the room of the justice, for the keeping of the record. He has the same control over it as the justice had in his life-time, or as he himself has, over the proper records of the court of which he is the clerk. He may certify under his seal of office, and it must he received as admissible evidence.
The fourth point raised in this cause, is, that the action is against the defendants as executors, and that the judgment is a general one. If this reason be founded in fact the judgment must be reversed. It is alleged, however, that he is sued, not as executor, but as trustee.
It would have been well for the court to have had the *434 whole will before it, that by an inspection of it the obligations and rights of the defendants might have been accurately understood. There is enough here, however, to shew that this reason is well founded. The defendant is styled executor, upon the record. The state of demand is against him as executor; he appears at the trial as executor; the record from the clerk’s office, also' gives him the same designation; nor is it perceived that the money claimed is in his hands in any other character. The testator di*rects the interest of a certain sum, to be paid to the plaintiff yearly, for his own and his children’s support: and at his death, the principal to be paid to his children. The interest to be paid to the plaintiff, is a legacy precisely like every other, varying only as to the times of payment. It comes into the executor’s hands like every other legacy. He must account for it in the Orphans’ Court, not as having been received by himself as trustee, but as discharged like the rest of the estate, in the usual form. Besides, before paying any part of it, he had a right to demand the usual refunding bond, from this very plaintiff, and one of the very objections made to'the judgment, is, that this bond was not given. But in what character had he a right to demand and receive this bond ? Surely not as trustee, but executor. The justice has therefore erred in rendering judgment against him in any other character than as executor, and the judgment must, for that cause, be reversed.
The Chief Justice concurred in this opinion, except upon the second point. Rossell J. was absent.
Judgment reversed.